ORR & SEMBOWER, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26570. Promulgated August 26, 1930.

*Theodore W. Benson, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The first question to be considered is whether or not the respondent was justified in decreasing the net loss of the petitioner for the year 1921 by the sum of $3,987.12 representing interest on Liberty bonds, nontaxable under the statute. Section 204 (a) provides:

That as used in this section the term " net loss " means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business) ; and when so resulting means the excess of the deductions allowed by section 214 or 234, as the case may be, over the sum of the following: (1) the gross income of the taxpayer for the taxable year, (2) the amount by which the interest received free from taxation under this title exceeds so much of the interest paid or accrued within the taxable year on indebtedness as is not permitted to be deducted by paragraph (2) of subdivision (a) of section 214 or by paragraph (2) of subdivision (a) of section 234, (3)

the amount by which the deductible losses not sustained in such trade or business exceed the taxable gains or profits not derived from such trade or business, (4) amounts received as dividends and allowed as a deduction under paragraph (6) of subdivision (a) of section 234, and (5) so much of the depletion deduction allowed with respect to any mine, oil or gas well as is based upon discovery value in lieu of cost.

Section 213 (a) defines gross income and section 213 (b) enumerates items not included therein. Section 213 (b) (4) is as follows:

Interest upon (a) the obligations of a State, Territory, or any political subdivision thereof, or the District of Columbia; or (b) securities issued under the provisions of the Federal Farm Loan Act of July 17, 1916; or (c) the obligations of the United States or its possessions; or (d) bonds issued by the War Finance Corporation. In the case of obligations of the United States issued after September 1, 1917 (other than postal savings certificates of deposit), and in the case of bonds issued by the War Finance Corporation, the interest shall be exempt only if and to the extent provided in the respective Acts authorizing the issue thereof as amended and supplemented, and shall be excluded from gross income only if and to the extent it is wholly exempt to the taxpayer from income, war-profits and excess-profits taxes.

The petitioner maintains that interest received from Liberty bonds must come within subdivision (1) or (2) of section 204 (a); that it does not come within the definition of gross income, because specifically exempted therefrom by the statute, and that it is not comprehended by section 204 (a) (2), because it is not " interest received free from taxation under this title." The petitioner contends that the interest from Liberty bonds is specifically exempted from taxation under section 213 of the Revenue Act of 1921. Section 213 specifically exempts from gross income interest from the obligations of the United States or its possessions. The word " obligations " is a broad and generic term and includes Liberty bonds.

Section 204 (b), which permits a net loss incurred during a given year to be applied to the succeeding taxable year, is a provision adopted by the Congress for the relief of taxpayers engaged in trade or business. We have held repeatedly that the net loss meant under this section was the actual loss sustained by the taxpayer and that in order to arrive at the actual loss it is necessary to take into consideration not only the item of gross income specified in the statute, but also nontaxable income received by the petitioner. *Samuel G. Adams et al.*, 19 B. T. A. 781; *W. H. Haskell et al.*, 7 B. T. A. 697. We have held also that a net loss resulting from the operation of a trade or business regularly carried on by the taxpayer as defined in section 204 (a) may not be increased by nonbusiness deductions or losses, but will be decreased by any excess of nonbusiness profits or gains over nonbusiness deductions or losses. *H. J. Schlesinger*, 5 B. T. A. 943; *Lawrence J. Montgomery*, 17 B. T. A. 1308. It is obvious that the amount received by the peti-

tioner as interest on its Liberty bonds is an item of income, even though expressly exempted from taxation under the provisions of the statute, and thus necessarily must be included in the computation of the net loss actually sustained by the petitioner during 1921.

The second issue is decided against the petitioner under the authority of *American Varnish Co.*, 2 B. T. A. 201. Following that decision we have held repeatedly, in determining whether or not the net income is in excess of $25,000 and thus the credit of $2,000 should be allowed, that the net loss provided for in section 204 (b) may not be deducted in the year succeeding that in which the net loss was sustained. The petitioner has furnished no reason for our changing our view of that question. *Oak Grove & Georgetown Railroad Co.*, 6 B. T. A. 661; *Alderman, Fairchild Co. et al.*, 17 B. T. A. 390.

*Decision will be entered for the respondent.*